IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-CR-00334-RJC-DSC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHUKWUDI MICHAEL OKWARA | ) | |
| | ) | |

**THIS MATTER** is on remand from the United States Court of Appeals for the Fourth Circuit to consider whether to grant appellate counsel access to an audio recording of a portion of the defendant's trial before this Court. (Case No. 22-4498, Doc. No. 20: Motion; Doc. No. 22: Order).

The Court Reporter Act requires verbatim recording of court proceedings by shorthand, mechanical, electronic sound recording, or other approved means. 28 U.S.C. § 753(b). Such notes must be preserved as public records for at least ten years and available for inspection during clerk's office hours by any person. Id. Where audiotapes merely back up a court reporter's stenographic record, they are not considered judicial records, but rather the personal property of the reporter. United States v. Davis, 648 F. App'x 295, 297 (4th Cir. 2016) (citing Smith v. U.S. Dist. Court Officers, 203 F.3d 440, 442 (7th Cir. 2000)).

Here, the court reporter certified pursuant to 28 U.S.C. § 753 that the trial transcript is "a true and correct record of [her] stenographic notes to the best of [her] ability." (Doc. No. 70: Trial Tr. at 653). The court reporter has informed the Court that, consistent with her regular practice, she deleted the back-up audio

recording of the trial upon certification of the transcript. Accordingly, it is not possible to grant appellate counsel access to the recording.

The Clerk is directed to certify copies of the foregoing to appellate counsel for the defendant, the United States Attorney, and the Clerk of the United States Court of Appeals for the Fourth Circuit.

Signed: December 7, 2022

Robert J. Conrad, Jr.
United States District Judge